IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DENA L. RICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 08-334-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Alan R. Unkeles
1865 N. W. 169th Place, No. 121
Beaverton, Oregon  97006

      Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97204

Page 1 - OPINION AND ORDER

David Morado
Regional Chief Counsel
Leisa A. Wolf
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Dena Rice brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 128 S. Ct. 1068 (2008); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the

past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Rice had severe impairments of headaches and obesity aggravated to a small degree by depression and anxiety. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations.

Additionally, the ALJ found that Rice's alleged impairments involving gate instability and surgically-corrected Chiari malformation were not severe. The ALJ discredited Rice's subjective symptom testimony, a conclusion that Rice does not challenge in this court. After considering the record, the ALJ found that Rice had a light residual functional capacity allowing her to lift 20 pounds occasionally; lift 10 pounds frequently; stand, walk, or sit for six hours each in an eight-hour day; occasional squatting instead of bending; simple 1-2-3 step tasks; no close co-worker or public interactions; and the work must accommodate a sit/stand option. Based on expert vocational testimony, the ALJ found that Rice could work as a small product assembler, a cleaner or polisher, or an inspector and, thus, was not disabled under the Act.

## FACTS

Rice alleges that she has been disabled since December 1, 1999 due to headaches and obesity. She was 35 years old at the time of the decision, has a high school education and has worked as a taxi driver, bartender, factory worker, waitress, caregiver, and office assistant. Rice lives with her two teenage children.

Rice was diagnosed with a Chiari I malformation[1] which was corrected with a surgical craniocervical decompression in March 2001. The surgery gave Rice relief for about a year. She complains of dizzy spells and fainting spells about three times a week. On some days, Rice is unable to walk because her legs will not move or support her. At times, her entire left side is paralyzed for a day or two. Rice complains of burning, aching, very sharp pains all over her body

---

[1] A Chiari malformation is a congenital anomaly in which the cerebellum and medulla oblongata protrude into the spinal canal. Dorland's Medical Dictionary for Healthcare Consumers, available at http://www.mercksource.com/pp/us/cns/cns_hl_dorlands_split.jsp?pg= /ppdocs/us/common/dorlands/dorland/nine/100011880.htm.

but primarily in her head, neck, legs, and entire left side. Her head hurts constantly but the pain in the other parts of her body occurs at least two or three times a week and lasts anywhere from five minutes to three days. Rice can only be active for 30 to 45 minutes before needing to rest for 30 minutes. She also suffers from anxiety and panic attacks, which some physicians believe might be exacerbating her physical symptoms.

Rice washes the dishes, cleans the counters, cooks with the help of her daughter, and grocery shops once or twice a month. Her children sweep, mop, and vacuum and her mother does the laundry. Since Rice became ill, she has trouble comprehending information when reading or watching television.

## DISCUSSION

I.  Opinion of Treating Physician, Dr. Christian Hill

Rice contends that the ALJ gave no reason for disregarding Dr. Hill's opinion that Rice is likely to be absent from work four days a month. The Commissioner admits that the ALJ did not reject Dr. Hill's opinion concerning anticipated absences but notes that the ALJ discussed the medical evidence concerning Rice's headaches, which she testified were the primary reason she could not work, in greater detail. The Commissioner also argues that the ALJ's reasoning that Rice's attendance at regular and continuing mental health appointments without many absences was inconsistent with Rice's reports of bad days that would lead to absenteeism.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). If a

Page 6 - OPINION AND ORDER

treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. Id. (treating physician); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Orn, 495 F.3d at 632; Widmark, 454 F.3d at 1066.

On May 3, 2007, Rice's treating physician Dr. Christian Hill, completed a Residual Functional Capacity Requirement. In it, Dr. Hill stated that Rice would likely be absent from work more than four times a month as a result of her impairments or treatment. Tr. 421. The ALJ neither mentioned this opinion nor generally discredited Dr. Hill. Thus, the ALJ failed to properly address this opinion and either accept it or state sufficient reasons to reject it. The Commissioner's arguments are post hoc reasoning, which is not allowed. The court cannot "affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Commissioner of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation omitted).

II.     Lay Testimony

Rice argues that the ALJ disregarded parts of Rice's mother's testimony without giving appropriate reasons for rejecting the testimony. Specifically, Rice refers to her mother's testimony that Rice is bedridden for days, cannot stand long enough to prepare meals, and completes household chores only with breaks. The Commissioner responds that the ALJ's reasons for discrediting the lay testimony are adequate. The Commissioner further argues that

Rice failed to demonstrate that the lay testimony was attributable to impairments supported in the record and that did not depend on Rice's subjective complaints.

Lay testimony about a claimant's symptoms is competent evidence which the ALJ must take into account unless he gives reasons for the rejection that are germane to each witness. Stout, 454 F.3d at 1053. A medical diagnosis, however, is beyond the competence of lay witnesses. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). A legitimate reason to discount lay testimony is that it conflicts with medical evidence. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

On December 14, 2001, Rice's mother stated that Rice sleeps three hours a night and takes a daily nap of one to three hours. Rice's mother also stated that Rice depends on her a lot because Rice cannot walk at times and has to use a walker to get to the bathroom. On July 19, 2004, Rice's mother stated Rice's headaches render her bedridden for a few days at a time, that on some days she cannot stand up long enough to prepare a meal, and that she does dishes, laundry, and basic cleaning with a lot of rest periods.

The ALJ stated:

> Ms. Nawana Rice's most recent statement about her daughter's capacity also cited limitations such as the claimant's reliance on a "prescribed" cane, and symptom fluctuation. Yet, as a non-medical source, the claimant's mother is not in a position to ascribe, for example, the claimant's irritable mood to use of medication.

Tr. 20. The ALJ also stated that no treating physician prescribed the use of a walker. Id.

Dr. Davies at the Doctor's Clinic prescribed a walker for Rice on October 24, 2001. Tr. 294. Rice explained that she uses the walker on her worst days and a cane or no assistance on her better days. The ALJ's comment about Rice's "prescribed" cane is without merit.

Page 8 - OPINION AND ORDER

More importantly, a lay witness is a non-medical source by definition. Although they cannot testify to the cause of a symptom, lay witnesses are competent to describe the symptoms that they can observe, such as irritability. Rice's mother described what she observed. The ALJ cannot ignore this evidence without giving reasons for the rejection but the reasons given are unconvincing. Consequently, the ALJ failed either to accept Rice's mother's testimony or properly reject it.

III.     Expert Vocational Testimony

Rice contends that the ALJ erred by assuming that the expert vocational testimony was consistent with the Dictionary of Occupational Titles ("DOT") without confirmation.

At the hearing, the ALJ said to the vocational expert, "Unless you tell me otherwise, I'm going to assume the answers are consistent with the Dictionary of Occupational Titles." Tr. 518. The expert answered, "Okay." Id.

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first asking if the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). The ALJ's statement to the vocational expert fulfills the requirement in Massachi.

According to Rice, there are inconsistencies between the vocational testimony and the DOT. First, Rice claims that none of the jobs include the hypothetical's requirement of a sit/stand option. Second, Rice argues that the level two reasoning in all of the jobs, other than electrode cleaner, is inconsistent with the hypothetical limitation of simple 1-2-3 step work.

The Commissioner does not respond to this argument. Because I am remanding the case, as explained below, the issue is moot.

Page 9 - OPINION AND ORDER

IV.     Remedy

Rice asks that I remand the case for a finding of disability.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Id. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

This is one of the unusual cases in which it is clear that Rice cannot perform gainful employment. I base my conclusion on Dr. Hill's opinion that Rice would likely miss more than

four days a month of work and Rice's mother's testimony on Rice's limitations and time spent in bed. Accordingly, I remand the case for a finding of disability.

## CONCLUSION

The decision of the Commissioner is reversed. The case is remanded for a finding of disability.

IT IS SO ORDERED.

Dated this   10th   day of April, 2009.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge